## BRINKERHOFF *v.* ALOE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF MISSOURI.

No. 85. Argued December 9, 1892. — Decided December 12, 1892.

Letters patent No. 224,991, granted to Alexander W. Brinkerhoff, March 2,
1880, for an improvement in rectal specula are void for want of novelty
in the invention protected by them.

THIS was a bill to restrain the infringement of letters patent
No. 224,991, granted to Alexander W. Brinkerhoff under date
of March 2, 1880, for an improvement in "rectal specula."

The claims made in the specification were as follows:

"1. A slide in the side of a speculum extending through
its whole length, and used substantially as herein described.

"2. The incline in the front end of the chamber, in com-
bination with the tube, slot and slide, substantially as and for
the purposes herein set forth.

"3. In cylindrical tubular specula having a slotted side
and closed end to prevent the entrance of fæces, the incline
in the front end of the chamber extending upward from the
bottom and forward to under side of slide, substantially as
described, and for the purposes herein set forth."

The court below in its opinion in the record said:

"1. It is clear that the first claim of this patent, covering
'a slide in the side of a speculum, extending its whole length,'
cannot be sustained. Indeed it is not seriously contended by
complainant's counsel that the device covered by that claim
is novel."

"Hilton's rectal speculum, an instrument said to have been
in use in England as early as 1870, also clearly anticipates
the first claim of complainant's patent, and probably the
second and third claims. If Hilton's speculum, as contended,
was described in a printed publication in England as early
as 1876, that fact also invalidates the first claim of the patent

under consideration, and most likely the second and third claims."

"2. The third claim of the patent is a claim for the 'incline' in cylindrical tubular specula having a slotted side and closed end.

"The particular device attempted to be covered by this claim was anticipated, in my opinion, by a rectal speculum produced by Dr. Mudd and shown, to the satisfaction of the court, to have been purchased at an instrument store, and to have been in use in this country before the date of complainant's invention."

"But, regardless of the obvious nature of the improvement made by adding the incline, the court is of the opinion that the combination so formed was not patentable, because no new result or effect was produced by the united action of the old elements.

"To sustain a patent on a combination of old devices it is well settled that a new result must be obtained which is due to the joint and coöperating action of all the old elements. Either this must be accomplished or a new machine of distinct character and function must be constructed. *Pickering* v. *McCullough,* 104 U. S. 310; *Hailes* v. *Van Wormer,* 20 Wall. 353; *Tack Co.* v. *Manufacturing Co.,* 9 Bissell, 258; *Wringing Machine Co.* v. *Young,* 14 Blatchford, 46.

"If several old devices are so put together as to produce even a better machine or instrument than was formerly in use, but each of the old devices does what it had formerly done in the instrument or machine from which it was borrowed and in the old way, without uniting with other old devices to perform any joint function, it seems that the combination is not patentable. *Hailes* v. *Van Wormer, supra;* *Reckendorfer* v. *Faber,* 92 U. S. 347.

"In the present case the incline, when placed in combination with the 'tube, slot and slide,' acted precisely as it did when placed in the forward end of a slotted tube not provided with a slide. Its action was in no sense modified by the new relation in which it was placed, nor did it, in unison with the other elements of the combination, produce a distinctively new result."

The bill was accordingly dismissed, and the plaintiffs appealed from that decree.

*Mr. J. C. Smith* for appellants.

*Mr. George H. Knight* for appellee.

THE CHIEF JUSTICE: Having reached the same conclusions as those expressed in the opinion of the Circuit Court, reported in 37 Fed. Rep. 92, we direct the decree to be

*Affirmed.*